IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RAY FLOYD GARCIA, JR.,

    **Plaintiff,**

    v.                                    CASE NO. 24-3010-JWL

BRENDA DIETRICH, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

An initial review of the complaint filed in this matter reveals multiple deficiencies that leave this case subject to dismissal in its entirety. Plaintiff and state prisoner Ray Floyd Garcia, Jr. is therefore required to show cause, in writing, why this matter should not be dismissed for failure to state a plausible claim for relief under 42 U.S.C. § 1983. In the alternative, Plaintiff may file an amended complaint that cures the deficiencies identified in this memorandum and order to show cause. Additionally, for the reasons explained below, the motion to appoint counsel is denied without prejudice. Plaintiff may refile the motion at a later date if material circumstances change.

**I. Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. He is in custody at the El Dorado Correctional Facility (EDCF) in El Dorado, Kansas and his fee status is pending. (*See* Doc. 4.) In his complaint, Plaintiff names as Defendants Brenda Dietrich, David Haley, Carolyn McGinn, Susan Humphries, Carl Maughan, Ken Rahjes, and Lindsay Vaughn, members of Kansas' Joint Committee on Special Claims Against the State (the Committee). (Doc. 1, p. 1-2; Doc. 1-1, p. 2.) As the factual background for the complaint, Plaintiff alleges that while in custody at EDCF on July 8, 2023, he was attacked by another inmate and was taken to the hospital for

1

treatment of his injuries. *Id.* at 3. While he was gone, an EDCF officer neglected to close the door to Plaintiff's cell and other inmates went into the cell and stole Plaintiff's property. *Id.*

Plaintiff filed claims for the lost property and a unit team manager reviewed video footage of the relevant time, concluding that Plaintiff's cell "was indeed left open allowing other residents to steal [Plaintiff's] property." (Doc. 1-1, p. 2.) In a form titled "Report of Investigation" and dated July 18, 2023, the unit team manager recommended that Plaintiff's claim for $2,814.00 be approved. *Id.* It is not clear from the complaint and attached exhibits whether any further action was taken by EDCF or Kansas Department of Corrections (KDOC) officials on the claim. Plaintiff also, however, filed a claim with the Committee and, by a letter dated November 3, 2023, Plaintiff learned that the Committee recommended the claim be dismissed without prejudice. *Id.* at 3.

As Count I of the complaint, Plaintiff asserts that Defendants violated the law by not approving the claim since Plaintiff's property was stolen due to negligence of EDCF officers leaving his cell door open. (Doc. 1, p. 3.) He does not specify what law was violated. As Count II, Plaintiff asserts that Defendants have engaged in "extortion and racketeering money from [Plaintiff]." *Id.* He points out that the unit team manager recommended paying the $2,841.00 claim and that the relevant events at EDCF were recorded on videotape. *Id.* As relief, Plaintiff seeks $40,000.00 in damages. *Id.* at 5.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are frivolous, fail to state a claim on which relief may be granted, or seek relief from a defendant immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). But "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570. "[T]o state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and

*Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 570).

### III.  DISCUSSION

#### A.  Failure to State a Claim

This action is subject to dismissal because it fails to identify the constitutional or federal right that was allegedly violated. Even liberally construing the complaint, as is proper since Plaintiff proceeds pro se, it alleges Defendants engaged in extortion, racketeering, and the improper denial of Plaintiff's claim. None of these acts allege "the violation of a right secured by the Constitution and laws of the United States." *See West*, 487 U.S. at 48. Thus, Plaintiff has not stated a plausible claim for relief under § 1983.

In Count I, Plaintiff states: "The Legislator[]s of the Joint Committee are to be trusted on doing their job to follow the law to which they violated by not paying me money El Dorado Correction owed me for their negligen[ce]. [*sic*]" (Doc. 1, p. 3.) He does not, however, identify the constitutional right he believes was violated by Defendants denying his claim for reimbursement for the loss of his property. Although it is clear that Plaintiff disagrees with the

4

Committee's decision, it does not necessarily follow that the decision was *unconstitutional*. The facts alleged in the complaint, when taken as true and liberally construed, show that a negligent act by one or more EDCF officials resulted in the theft of Plaintiff's property. Although the Fourteenth Amendment requires due process before depriving a person of property, it is well-established that when the negligence of a state actor causes the loss of property, "due process is satisfied so long as 'a meaningful postdeprivation remedy for the loss is available.'" *See Requena v. Roberts*, 893 F.3d 1195, 1212 (10th Cir. 2018) (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)).

Generally speaking, Kansas prisoners have an adequate state postdeprivation remedy. *See id.* at 1212-13; *see also Sawyer v. Green*, 316 Fed. Appx. 715, 717 (10th Cir. 2008) (unpublished) (finding state courts provided opportunity for prisoner to seek redress for alleged deprivation of property). The facts alleged in the complaint demonstrate that Plaintiff had access to a meaningful postdeprivation remedy; the facts do not demonstrate that the individuals and bodies involved in the process were unresponsive or that Plaintiff's access to the process was denied or obstructed. Based on the facts alleged in the complaint, Plaintiff's property loss claim was submitted, investigated, and reviewed at multiple levels. "The mere fact his claims were denied does not amount to the denial of due process." *Requena*, 893 F.3d at 1213 (citing *Coburn v. Wilkinson*, 700 Fed. Appx. 834, 837 (10th Cir. 2017) (unpublished)).

Turning to Count II, which broadly asserts extortion and racketeering, Plaintiff similarly has not identified the constitutional right he believes was violated by those acts. To the extent that Count II seeks criminal prosecution and relief for criminal behavior, "§ 1983 does not allow [an individual] to pursue [remedies for] a violation of federal criminal law." *See Lynch v. Bulman*, 2007 WL 2993612, at *2 (10th Cir. 2007) (unpublished order and judgment) (citing *Newcomb v.*

5

*Ingle*, 827 675, 676 (10th Cir. 1987); *Clements v. Chapman*, 189 Fed. Appx. 688, 692 (10th Cir. 2006) (unpublished); and *Henry v. Albuquerque Police Dep't*, 49 Fed. Appx. 272, 273 (10th Cir. 2002) (unpublished)). To the extent that Count II could be intended to assert a state-law-based claim for an intentional tort such as extortion, the complaint does not identify legal authority under which the Court could exercise jurisdiction over a state-law claim and the complaint does not specifically discuss any state law claims further. As noted above, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney*, 113 F.3d at 1173-74. Thus, Count II does not allege a claim for which relief is available under § 1983.

### IV. Response and/or Amended Complaint Required

To avoid dismissal of this action in full, Plaintiff is required to show cause, in writing, why this matter should not be dismissed for failure to state a claim. In the alternative, Plaintiff may file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein. He must allege sufficient specific facts to show a plausible claim that each named defendant personally participated in a constitutional violation. To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply a supplement to the original complaint; instead the amended complaint completely supersedes the original complaint. Therefore, any claims or factual allegations not included in the amended complaint are no longer before the Court. In other words, Plaintiff may not simply refer in the amended complaint to the original complaint. To be clear, the amended complaint must contain all allegations and claims that Plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (24-3010-JWL) at the top of the first page of the amended complaint and must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff must also refer to each defendant again in the body of the amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. If Plaintiff does not file an amended complaint on or before February 29, 2024 that cures the deficiencies discussed herein, this action will be dismissed without prejudice for failure to state a plausible claim for relief.

**V. Motion to Appoint Counsel**

Also before the Court is Plaintiff's motion for appointment of counsel. (Doc. 2.) There is no constitutional right to appointment of counsel in a civil case. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel in this matter, the Court has considered "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *See Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. The Court concludes in this case that (1) it is not clear that Plaintiff will assert a colorable claim for relief under 42 U.S.C. § 1983; (2) the issues are not yet clarified and may not

be complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. Thus, the Court will deny the motion without prejudice to refiling if the material circumstances change.

**IT IS THEREFORE ORDERED BY THE COURT** that the motion to appoint counsel (Doc. 2) is **denied without prejudice**. Plaintiff is granted until and including **February 29, 2024,** in which to file a complete and proper amended complaint that cures the deficiencies discussed herein. The Clerk is directed to send § 1983 forms and instructions to Plaintiff. The failure to timely file an amended complaint that cures the deficiencies may result in this matter being dismissed without further prior notice to Plaintiff.

**IT IS SO ORDERED**.

**Dated January 29, 2024, in Kansas City, Kansas.**

> **S/ John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**